# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**M. FIRAS JOUDEH**                                                    **PLAINTIFF**


**v.**                        **CASE NO. 4:19-CV-00112  BSM**

**JAMES F. BECK,**
**GINGER BECK, and**
**LUX HOME INVESTMENTS, LLC**                          **DEFENDANTS**

## ORDER

The motion for sanctions [Doc. No. 39] is denied.  The motion for allocation of fault [Doc. No. 41] is denied.  The motion relies on Arkansas law although Arizona law applies. *See* Order at 5, Doc. No.  25.

The motion to amend the answer and file a counterclaim [Doc. No. 45] is denied.  The counterclaim for malicious prosecution is rejected because a motion to dismiss was denied, indicating these claims were brought in good faith.  The affirmative defenses are denied because: a motion to dismiss for failure to state a claim has already been denied; failure to join a necessary party should be raised in a motion to dismiss, *see* Fed. R. Civ. P. 12(b)(7); and RICO allows for recovery beyond tort recovery.  For these reasons,  Joudeh's recovery in his other lawsuits may not be complete.  Further, one motion for summary judgement has already been filed, the nature of a RICO case should have alerted defendants that these affirmative defenses might be available right away, and it would be prejudicial to Joudeh to allow the amended answer and counterclaim.

The motion to compel [Doc. No. 50] is granted as to the request for a more thorough estimation of damages, but denied on all other grounds.  The request for initial disclosures is moot, and it is unclear what defendants are seeking regarding the expert report.

The motion in limine [Doc. No. 64] is denied without prejudice.  Unavailability for a deposition and unavailability for trial are different, and it is unclear at this point whether the deponents will be available for trial.

The motion for extension of time [Doc. No. 66] is granted.

The motion for protective order [Doc. No. 67] is granted.  Deposition may be conducted by video to limit the risk of exposure to COVID-19.

The second motion to compel and for sanctions [Doc. No. 71] is denied.  Defendants may take one more deposition of plaintiff by video.

The motion to stay the order extending discovery [Doc. No. 77] is granted in part. Because the lawyers seem unable to agree on anything, they are given the following deadlines: The parties must make final discovery requests by August 24, 2020, must comply with discovery requests or object on the record by August 31, 2020, must respond to any objections by September 4, 2020, and must complete the final deposition, via video, by September 4, 2020.  The parties have until September 11, 2020, to submit or supplement their dispositive motions.

The second motion to compel [Doc. No. 82] is denied.

IT IS SO ORDERED this 18th day of August, 2020.

UNITED STATES DISTRICT JUDGE